IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER ELEVEN |
| PETER KOVALCHICK | : | BANKRUPTCY NO.: 5-01-bk-03870 |
| DEBTOR | : | |
| PETER KOVALCHICK | : | |
| PLAINTIFF | : | |
| vs. | : | |
| THOMAS E. GROSHENS | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-05-ap-50267** |

# OPINION[1]

Presently before this Court is the disposition of the Defendant's Motion to Dismiss the above adversary action against Thomas E. Groshens, an attorney with the law firm of Sprague & Sprague (Doc. 7).

**PROCEDURAL HISTORY**

On October 27, 2005, Peter Kovalchick ("Kovalchick") filed the instant, untitled adversary against Thomas E. Groshens, ("Groshens"), an attorney with Sprague & Sprague, the law firm representing RS Financial in his bankruptcy case. On November 25, 2005, Groshens moved to dismiss the action pursuant to Federal Rule of Bankruptcy Procedure (Fed. R. Bank. P.) 7012, for failure to state a claim, and under the doctrine of collateral estoppel. Kovalchick filed opposition to that Motion to Dismiss on December 12, 2005.

---

[1] Drafted with the assistance of Kathryn F. Evans, Law Clerk.

[m:\users\cathy\opinions\5-04-ap-50267_Kovalchick_vs_Groshens.wpd]

## KOVALCHICK'S ALLEGATIONS

In his first claim, Kovalchick alleges that Groshens is guilty of fraud and professional misconduct. The claim revolves around a June 10, 2004 Motion to Dismiss filed by Charles Hardy in another one of Kovalchick's adversaries, Adversary No. 5-05-ap-50134, Kovalchick v. Richard Sprague, David Dacosta, Joseph McAlee, Charles Hardy, Lawrence Worehrle, and Sprague & Sprague ("June 10 Motion to Dismiss"). *See* Adversary No. 5-05-ap-50134, Doc. Nos. 5 and 6. In the first twenty-two or so paragraphs of his Complaint, Kovalchick alleges Groshens violated several rules of professional conduct by knowingly allowing his colleague, Charles Hardy, to file the June 10 Motion to Dismiss which contained false statements of law and fact.

Kovalchick's second claim alleges tortious conduct on the part of Groshens. He asserts that Groshens sent out thugs to Kovalchick's house to commit various acts of vandalism against him and attaches pictures to evidence the vandalism done to his home.

The third claim in the Complaint, like the first, is for fraud and professional misconduct. The claim centers around Groshens' Motion to Dismiss Kovalchick's Amended Complaint filed in Adversary No. 5-05-ap-50134, Kovalchick v. Richard Sprague, David Dacosta, Joseph McAlee, Charles Hardy, Lawrence Worehrle, and Sprague & Sprague. According to Kovalchick, Groshens committed fraud by making false statements regarding the litigious history of the RS Financial/Kovalchick legal conundrum.

Kovalchick's prayer seeks 30 million dollars in damages, an order barring Groshens from further appearances in any of Kovalchick's bankruptcy proceedings or any other proceedings against Kovalchick's properties, and lastly, he seeks declaratory relief that the RS Financial

Proof of Claim be declared fraudulent and vacated.

**ANALYSIS**

In determining a motion to dismiss pursuant to Fed. R. Bank. P. 7012, the court applies the standards developed to determine a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Markowtiz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990). Rule 12(b)(6) provides that a motion to dismiss a complaint may be filed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When determining a Rule 12(b)(6) motion to dismiss, the court must accept as true all allegations in the complaint and all reasonable inferences drawn from those allegations, and view them in a light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 412-22 (1969); *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir. 1991).

Additionally, it should be noted that there is a heightened pleading requirement for averments of fraud. Pursuant to Fed. R. Bank. P. 7009(b), allegations of fraud must be pled with particularity. Failure to plead fraud with particularity may provide the basis for a Rule 12(b)(6) motion to dismiss. *See* Hon. William W. Schwarzer, Hon. A. Wallace Tashima, and James M. Wagstaffe, Federal Civil Procedure Before Trial, ¶ 9:196 (The Rutter Group 1996).

**1.     Kovalchick's First Claim For Relief Should be Dismissed for Lack of Standing**

The essence of the twenty-two paragraphs within Kovalchick's first claim for relief is that Groshens knew his colleague Charles Hardy made false statements in the June 10 Motion to Dismiss. Kovalchick lacks standing to pursue this action. In order to have standing, a plaintiff must show three thing: 1) injury in fact; 2) a causal causation between the defendant's actions and the injury suffered; and 3) that the injury be redressable by a judgement in the plaintiff's

favor. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). Kovalchick is missing the second requirement of causation. The Supreme Court has stated with regard to the second element, "the injury complained of has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Id.* at 560 (internal citations omitted), *quoting Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976). Kovalchick is alleging an injury of 30 million dollars caused by Groshens knowingly allowing another attorney in his office to file a brief with false statements. The instant action involves the actions of Charles Hardy not Groshens.[2] It was Charles Hardy who filed the June 10 Motion to Dismiss and thus it was Charles Hardy whose actions allegedly caused the complained of injury, not Groshens. As such, this claim is dismissed for lack of standing.

Groshens asserts he is immune from suit because all statements contained in pleadings made in connection with a bankruptcy or other related proceeding are protected by an absolute privilege for communications pertinent to any stage of judicial proceeding. This assertion is incorrect. There is a certain degree of immunity from being sued for libel or slander with regard to statements made in pleadings and other filings. *See* H.D. Warren, *Libel and Slander: statements in Briefs as Privileged,* 32 A.L.R.2d 423 (2005). However, an attorney does not enjoy total immunity from suit for statements made in connection with a pleading. To find otherwise would defeat the entire purpose of Fed. R. Bank. P. 9011(b) which requires that all petitions, pleadings and other filed papers contain certification that "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have

---

[2] A similar adversary was filed by Kovalchick naming, among others, Charles Hardy as a defendant. This adversary was recently dismissed. See Adversary No. 5-05-ap-50134, Doc. Nos. 21 and 22.

evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Bank. P. 9011(b)(3). Clearly, the existence of a rule like Fed. R. Bank. P. 9011(b) is to make actionable false statement made in pleadings. There is no absolute immunity from suit for statements made by attorneys in judicial pleadings. This is not to suggest that either Charles Hardy or Groshens filed claims not based on good law, but simply to remind the attorneys that they may not make untrue statements in their court filings and expect to be immune from suit with regard to statements made in connection with those filings.

**2.     Kovalchick's Second Claim for Relief Should be Dismissed For Lack of Jurisdiction**

Kovalchick's second claim for relief involves serious allegations of stalking by thugs allegedly directed by Groshens. Although Kovalchick does not specify the grounds upon which he is suing, it can be deduced from the allegations that he is likely suing under a theory of intentional infliction of emotional distress, assault, or civil conspiracy.

Notably, rather than denying the charges, Groshens argues this claim fails to state a cause of action because any vandalism of the property in question is not actionable since Kovalchick is a trespasser and RS Financial owns the property. However, regardless of whether someone holds the title deed to a property, it is still impermissible to terrorize them. Intentionally conspiring to vandalize a residence of a trespasser would still constitute the personal injury torts of assault, or intentional infliction of emotional distress. *See* Restatement (Second) of Torts, § 21 Assault (1965) (the elements of assault are: 1) intent, 2) to cause harmful or offensive contact with a third person or an imminent apprehension of such a contact, and 3) the plaintiff is put in a state of imminent apprehension); and *Id.* at § 46 Outrageous Conducting Causing Severe Emotional Distress (1965) (the elements of intentional infliction of emotional distress generally

include: 1) extreme and outrageous behavior 2) intention or recklessness, and 3) severe emotional distress suffered by another). Furthermore, the actions alleged by Kovalchick could also form the basis of a the tort of civil conspiracy which requires: "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual damage." *Goldstein v. Phillip Morris Inc.*, 854 A.2d 585, 590 (Pa. Super. 2004).

Because this decision is being made within the context of a 12(b)(6) motion to dismiss, all inferences must be given to Kovalchick as the plaintiff. *See Jenkins v. McKeithen*, 395 U.S. 411, 412-22, 89 S. Ct. 1843 (1969). However, even assuming all of Kovalchick's allegations that Groshens orchestrated a thug posse to terrorize him are true, there is still the question of whether this Court has jurisdiction to adjudicate the action.

This Court's jurisdiction over the aforementioned state law torts under 11 U.S.C. § 1334 is questionable. The Third Circuit has held that pursuant to § 1334, a bankruptcy court's jurisdiction "extends to four types of title 11 matters: (1) cases 'under' title 11; (2) proceedings 'arising under' title 11; (3) proceedings 'arising in' a case under title 11; and (4) proceedings 'related to' a case under title 11." *Stoe v. Flaherty*, 2006 WL 156985 (3d. Cir. Jan. 23, 2006), *citing In re Combustion Eng'g, Inc.,* 391 F.3d 190, 225 (3d. Cir. 2005); *see also* 28 U.S.C. § 1334 (a) and (b). The first three categories are considered to be "core" matters, whereas the fourth and final category is considered to be non-core. *See In re Resorts Int'l, Inc.*, 372 F.3d 154, 162 (3d Cir. 2004).

The Third Circuit has held that core proceedings are those that either "invoke a

substantive right provided by title 11," or a proceeding that "by its nature could arise only in the context of a bankruptcy case." *Id.* at 162-63. With regard to the latter, conspiracy actions are not normally classified as actions whose nature is unique to the bankruptcy context. However, whether Kovalchick's action can be construed as invoking substantive rights under the bankruptcy code requires resolving the question of whether post-petition tort proceeds can be classified as property of the estate under either 11 U.S.C. § 541(a)(1) or (7).

Section 541(a) of the Bankruptcy Code defines property of the bankruptcy estate to include: "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). And "any interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(7). In the present case, the allegedly tortious conduct did not occur until almost four years after Kovalchick filed his Chapter 11 petition, thus he did not have a tort cause of action at the time he filed the case, as required by § 541(a)(1). The closer question is whether the tort proceeds can be considered property acquired by the estate after commencement under § 541(a)(7).

The Third Circuit held proceeds from a tort commenced post-petition may be property of the estate under § 541(a)(7) if the actions constituting the tort can be "traced directly to the pre-petition conduct." *In re Dowd*, 233 F.3d 197, 203 (3d Cir. 2000). The issue in the *Dowd* case was whether proceeds from a post-petition malpractice claim premised on pre-petition attorney malpractice were property of the estate pursuant to § 541. *Id.* The Third Circuit determined that because the malpractice claim could be traced directly to pre-petition wrongful conduct, then the proceeds were property of the estate under § 541. The court elucidated that the "inquiry often depends on whether the estate or the debtor suffers the harm." *Id.* at 204.

In *Dowd,* the Third Circuit cited and distinguished a case from the Western District of Pennsylvania which dealt with the issue of whether proceeds of a post-petition tort, unrelated to the bankruptcy estate, were property of the estate. See *Id.* at 203, *distinguishing In re Doemling*, 127 B.R. 954, 955-57 (W.D.Pa 1991). The District Court for the Western District of Pennsylvania held that proceeds from a post-petition tort were not property of the estate under § 541(a)(1) or (7) because the Chapter 11 debtor and his estate were mutually exclusive, and because the tort recovery was intended to compensate the injured individual as opposed to compensating the injured estate, the proceeds were not property of the estate. *In re Doemling*, 127 B.R. at 955-56.

Here, the alleged underlying conspiratorial conduct took place post-petition. Groshens was not hired by Sprague & Sprague until February of 2005, long after the Chapter 11 petition filing date, so he could not have been conspiring against Kovalchick prior to Kovalchick's 2001 bankruptcy petition, because he did not even become involved in the Kovalchick matter until four years after the Chapter 11 petition was filed. In addition to the action not being traceable to pre-petition conduct, the injury Kovalchick suffered is not attributable to the estate, but rather to Kovalchick personally. Thus, even assuming Kovalchick could succeed in proving Groshens is guilty of conspiracy, the tort proceeds would not be property of his estate for purposes of § 541(a), and thus this is not a core proceeding.

Having established that the tort is not itself property of the estate, the next question is whether this conspiracy action would be sufficiently "related to the case" to warrant this Court retaining jurisdiction to adjudicate it. *See In re Resorts Int'l, Inc.*, 372 F.3d at 161. To determine "related to" jurisdiction, the Third Circuit has adopted the *Pacor* Test which states

that a bankruptcy court will have jurisdiction to hear a proceeding if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* at 165, *quoting Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). Kovalchick has not asserted that the resolution of this tort action would have any effect on his bankruptcy proceeding. As such, this Court has no jurisdiction under § 1334 to decide this matter.

**3.    Kovalchick's Third Claim For Relief Should Be Dismissed on the Grounds of Collateral Estoppel**

Kovalchick's third claim for relief alleges fraud in connection with certain statements made in a Motion to Dismiss Kovalchick's Amended Complaint filed by Groshens in Adversary No. 5-05-ap-50134, Kovalchick v. Richard Sprague, David Dacosta, Joseph McAlee, Charles Hardy, Lawrence Worehrle, and Sprague & Sprague. *See* Adversary 5-05-ap-50134, Doc. Nos. 17 and 19. All the allegations revolve around the premises that Groshens knowingly made false statements with regard to the validity of RS Financial's Proof of Claim and the tortured litigation history between RS Financial and the Kovalchick family. The validity of RS Financial's Proof of Claim and the events leading up to it have been litigated in almost every available judicial forum. *See Kovalchick v. R/S Financial*, 281 F.3d 221 (3d.Cir. 2001); *see also R/S Financial v. Kovalchick*, 552 Pa. 584, 716 A.2d 1228 (1998). The validity of RS Financial's claim has survived the onslaught of Kovalchick litigation and reiterating its tortured history in a brief is not sanctionable conduct. Additionally, the issue is precluded from being re-litigated on the grounds of collateral estoppel. This claim should be dismissed.

**CONCLUSION**

Kovalchick's first cause of action should be dismissed because he lacks standing to sue Groshens for violations committed by Charles Hardy, because his claim is missing the standing

element of causation. Kovalchick's second cause of action should be dismissed because this Court lacks jurisdiction to hear it under § 1334. Kovalchick's third claim for relief should be dismissed because this Court finds it is a disguised attempt to re-litigate the validity of RS Financial's Proof of Claim which Kovalchick is estopped from raising on the basis of collateral estoppel.

An Order will follow.

Date: March 21, 2006

John J. Thomas, Bankruptcy Judge
(CMS)

*This electronic opinion is signed and filed on the same date.*